# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MANCHESTER UNITED FOOTBALL CLUB LIMITED, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) Case No. |
| SELECT MANAGEMENT RESOURCES, LLC and RODERICK AYCOX. | ) ) _____ ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Manchester United Football Club Limited ("Manchester United") hereby files this Complaint against Defendants Select Management Resources ("Select Management") and Roderick Aycox ("Aycox") stating as follows:

### Parties, Jurisdiction, and Venue

**1.**

Plaintiff Manchester United is a foreign business entity formed under the laws of the United Kingdom. Manchester United's principal place of business is in Manchester, Greater Manchester, United Kingdom. For jurisdictional purposes, Manchester United is a citizen or subject of the United Kingdom.

**2.**

Defendant Select Management is a Georgia limited liability company with its principal place of business in Alpharetta, Georgia. Select Management's member is domiciled in Georgia. For jurisdictional purposes, Select Management is a citizen of Georgia.

**3.**

This Court has personal jurisdiction over Select Management by virtue of its formation and principal place of business in Georgia. Moreover, in the Select Management Guaranty, Select Management consented to the jurisdiction of this Court. Ex. A at ¶ 15.

**4.**

Defendant Aycox is a natural person domiciled in Alpharetta, Georgia. For jurisdictional purposes, Aycox is a citizen of Georgia.

**5.**

This Court has personal jurisdiction over Aycox by virtue of his domicile in Georgia. Moreover, in the Aycox Guaranty, Aycox consented to the jurisdiction of this Court. Ex. B at ¶ 15.

**6.**

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of a state and citizens or subjects of a foreign state.

**7.**

This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) because a defendant resides in the Northern District of Georgia and all defendants are residents of Georgia. Moreover, both Defendants have consented that this Court is a proper venue in the Guaranties. Ex. A at ¶ 15; Ex. B at ¶ 15.

## Factual Allegations

**8.**

Manchester United is a professional football (*i.e.* soccer) club that competes in the English Premier League. As Manchester United set forth in its September 2018 SEC Form 20-F filing:

> We are one of the most popular and successful sports teams in the world, playing one of the most popular spectator sports on Earth. Through our 140-year heritage we have won 66 trophies, including a record 20 English league titles, enabling us to develop what we believe is one of the world's leading sports brands and a global community of 659 million followers. Our large, passionate community provides Manchester United with a worldwide platform to generate significant revenue from multiple sources, including sponsorship, merchandising, product licensing, broadcasting and matchday. We attract leading global companies such as adidas, Aon

and General Motors (Chevrolet) that want access and exposure to our community of followers and association with our brand.

*Manchester United plc. (2018) 20-F Form*, (September 16, 2019), https://ir.manutd.com/financial-information/annual-reports/2018/manchester-united-plc-2018-annual-report-on-form-20f.aspx.

**9.**

Non-party Addison Global Limited ("Addison Global") is a Gibraltar business entity that designs mobile digital applications for football fans and clubs.

**10.**

On or about May 14, 2018, Manchester United and Addison Global agreed to a Global Sponsorship Agreement (the "Sponsorship Agreement"). As the Sponsorship Agreement is subject to a confidentiality provision, it is not attached hereto but relevant provisions are cited as necessary to facilitate the enforcement of the Sponsorship Agreement.

**11.**

Pursuant to the Sponsorship Agreement, Addison Global received from Manchester United extremely valuable sponsorship rights for the promotion of Addison Global's products and brands in exchange for the payment of a Sponsorship Fee to Manchester United.

**12.**

Perhaps most important, Manchester United agreed to provide Addison Global with certain rights to promote its products and brands using Manchester United materials, in the Manchester United stadium, in the Manchester United magazine, in the Manchester United match day program, on the Manchester United website, on Manchester United's social media, and on the Manchester United TV station. Sponsorship Agreement at ¶¶ 3.1–3.18. The ability to associate its name with Manchester United was of great and immediate value to Addison Global.

**13.**

In addition, Manchester United agreed to provide Addison Global with a number of sponsorship benefits including, among others, "VIP" tickets to Manchester United matches, Manchester United merchandise signed by Manchester United players, access to Manchester United players for press, promotional, and public relations events, "VIP" access to Manchester United training sessions, "VIP" access to a Manchester United golfing event, and even the right to use the Manchester United pitch (*i.e.* field) for an Addison Global event. Sponsorship Agreement at ¶¶ 3.21–3.33.

**14.**

In exchange for these sponsorship rights and benefits, Addison Global agreed to pay Manchester United £12,128,692 (the "Sponsorship Fee"). Sponsorship Agreement at ¶ 7.1.

**15.**

Manchester United and Addison Global agreed that the negotiated Sponsorship Fee was to be paid in twelve quarterly installments over a three-year period as follows:

| Installment Date | Installment Amount |
|---|---|
| Within 7 Days | £981,000 |
| August 31, 2018 | £981,000 |
| November 30, 2018 | £981,000 |
| February 28, 2019 | £981,000 |
| May 31, 2019 | £1,010,430 |
| August 31, 2019 | £1,010,430 |
| November 30, 2019 | £1,010,430 |
| February 28, 2020 | £1,010,430 |
| May 31, 2020 | £1,040,743 |
| August 31, 2020 | £1,040,743 |
| November 30, 2020 | £1,040,743 |
| February 28, 2021 | £1,040,743 |

Sponsorship Agreement at ¶ 7.1.

**16.**

Addison Global agreed that if it missed payments it would owe Manchester United interest on the outstanding amount:

> If there shall be any delay in the payment of any amount payable to MU under this Agreement for any reason . . . the Partner shall pay interest at the Statutory Rate from the due date to the date that the outstanding amount (together with any accrued interest) has been paid in full (both after and before judgement), which interest shall accrue from day to day and be compounded monthly.

Sponsorship Agreement at ¶ 7.4.

**17.**

The Sponsorship Agreement defines the "Statutory Rate" as "the rate of interest on commercial debts as specified from time to time by statute in the United Kingdom." Sponsorship Agreement at p. 58.

**18.**

The statutory rate of interest for commercial debts in the United Kingdom currently is 8.75%.

**19.**

Addison Global agreed that if the Sponsorship Agreement was terminated all remaining payments of the Sponsorship Fee would become immediately due and payable. Sponsorship Agreement at ¶ 8.7(d).

**20.**

To assure complete payment and performance of Addison Global's obligations under the Sponsorship Agreement, Addison Global agreed to have

Select Management and Aycox guaranty Addison Global's payment and performance under the Sponsorship Agreement. Sponsorship Agreement at ¶ 7.6.

**21.**

On or about May 14, 2018, Manchester United and Select Management entered into a written Guaranty Agreement (the "Select Management Guaranty"). A true and correct copy of the Select Management Guaranty is attached as Exhibit A.

**22.**

On or about May 14, 2018, Manchester United and Aycox entered into written a Guaranty Agreement (the "Aycox Guaranty"). A true and correct copy of the Aycox Guaranty is attached as Exhibit B.

**23.**

Pursuant to the Select Management Guaranty and Aycox Guaranty, Select Management and Aycox guaranteed Addison Global's obligations under the Sponsorship Agreement, including the payment of the Sponsorship Fee:

> Guarantor hereby fully, unconditionally and irrevocably guarantees the timely and complete performance and payment by Addison of all of Addison's obligations pursuant to the Financial Provisions contained in Section 7 of the Sponsorship Agreement up to a maximum amount, excluding interest or penalties, of £12,128,682 . . . .

Ex. A at ¶ 1; Ex. B at ¶ 1.

**24.**

Select Management and Aycox warranted that they were providing guaranties of payment and performance and not of collection:

> This is a guaranty of payment and performance and not of collection, and Guarantor unconditionally waives any requirement that MU first make demand upon, or seek to enforce or exhaust remedies against, Addison or any other person (including any other guarantor) before demanding payment from, or seeking to enforce this Guaranty against, Guarantor . . . .

Ex. A at ¶ 3; Ex. B at ¶ 3.

**25.**

Select Management and Aycox agreed that they would pay Manchester United's costs and attorneys' fees incurred in enforcing the guaranties:

> If Guarantor fails in the due performance of any of its obligations under the terms of this Guaranty, MU will have the right, at its election, to sue for enforcement for such breach and to seek such legal and equitable remedies as may be available to MU, including but not limited to the right to recover its costs of collection, including reasonable attorneys' fees actually incurred. In the event of litigation to enforce the terms of this Guaranty, the substantially losing party agrees to pay the substantially prevailing party's cost and expenses incurred, including, without limitation, reasonable attorneys' fees actually incurred.

Ex. A at ¶ 8; Ex. B at ¶ 8.

**26.**

Following the execution of the Sponsorship Agreement, Addison Global immediately received the benefits promised under the Sponsorship Agreement and paid the first three Sponsorship Fee payments.

**27.**

Addison Global then defaulted on the Sponsorship Agreement by failing to pay the fourth installment of the Sponsorship Fee, due on or before February 28, 2019.

**28.**

On April 16, 2019, Manchester United provided Addison Global with written notice of the February 28 default (the "April 16 Default Notice"). A true and correct copy of the April 16 Default Notice is attached as Exhibit C.

**29.**

Addison Global further defaulted on the Sponsorship Agreement by failing to pay the fifth installment of the Sponsorship Fee due on or before May 31, 2019.

**30.**

On June 3, 2019, Manchester United provided Addison Global with written notice of the May 31 default (the "June 3 Default Notice"). A true and correct copy of the June 3 Default Notice is attached as Exhibit D.

**31.**

Addison Global failed to cure either default within 14 days following the default notices.

**32.**

Interest runs on each defaulted installment payment from the dates of each default pursuant to Paragraph 7.4 of the Sponsorship Agreement.

**33.**

Moreover, because Addison Global failed to cure the defaults, Manchester United was entitled to terminate the Sponsorship Agreement:

> MU shall have the right (without prejudice to its other rights and/or remedies) to terminate this Agreement with immediate effect by notice in writing to the Partner: (a) if any amount payable by the Partner under this Agreement is in arrears (provided that MU has given the Partner notice that the relevant amount has not been received and the relevant amount continues to be in arrears 14 days after the Partner receives such notice) . . . .

Sponsorship Agreement at ¶ 8.3(a).

**34.**

Accordingly, on July 17, 2019, Manchester United provided Addison Global with written notice that it was terminating the Sponsorship Agreement (the "Termination Letter"). A true and correct copy of the Termination Letter is attached as Exhibit E.

**35.**

As a result of the termination of the Sponsorship Agreement, the £7,194,262 in remaining installments of the Sponsorship Fee also became immediately due and payable. Sponsorship Agreement at ¶ 8.7(d)

**36.**

Despite having received the benefits promised under the Sponsorship Agreement, Addison Global failed to pay the remaining balance of the Sponsorship Fee.

**37.**

Accordingly, because Addison Global failed to pay the remaining installments of the Sponsorship Fee, interest runs on the remaining installments from the date of the Termination Letter pursuant to Paragraph 7.4 of the Sponsorship Agreement.

**38.**

In sum, Addison Global currently owes Manchester United the £9,185,692 unpaid principal balance of the Sponsorship Fee with interest of 8.75% running on the unpaid principal as follows: from February 28, 2019 on £981,000, from May 31, 2019 on £1,010,430, and from July 17, 2019 on £7,194,262.

**39.**

On July 30, 2019, Manchester United sent letters to Select Management and Aycox demanding that they fulfill their guarantees by paying the £9,185,692 in principal balance, plus interest, owed to Manchester United by Addison Global and due under the Select Management Guaranty and Aycox Guaranties. Copies of the demand letters sent to Select Management and Aycox are attached as exhibits F and G respectively. The demand letters specifically advised Select Management and Aycox that pursuant to O.C.G.A. § 13-1-11 they must pay all of the unpaid principal and accrued interest within ten days to avoid paying Manchester United's reasonable attorneys' fees.

**40.**

Select Management and Aycox breached the Select Management Guaranty and the Aycox Guaranty by failing to pay the outstanding principal balance of the Sponsorship Fee plus interest.

**41.**

Manchester United has complied with all applicable conditions, pre-requisites, and pre-conditions to bring this action against Select Management and Aycox. Despite conceding that they owe significant monies to Manchester United, Select Management and Aycox have refused to pay under the terms of the

Sponsorship Agreement. Consequently, Manchester United is forced to bring this action to enforce the parties' contractual agreements.

**COUNT 1: Breach of Select Management Guaranty (Against Defendant Select Management)**

42.

Manchester United incorporates the allegations contained in Paragraphs 8–21 and 23–48 by reference as if fully restated herein.

43.

The Select Management Guaranty constitutes a valid and enforceable contract between Manchester United and Select Management.

44.

Pursuant to the Select Management Guaranty, Select Management guaranteed the complete performance and payment of all of Addison Global's obligations under the Sponsorship Agreement.

45.

Addison Global owes Manchester United the remaining £9,185,692 principal balance of the Sponsorship Fee, plus interest as specified under the Sponsorship Agreement.

46.

Manchester United complied with all applicable conditions, pre-requisites, and pre-conditions for enforcing the Select Management Guaranty, including

providing 15 days prior written notice before attempting to enforce the Select Management Guaranty against Select Management.

**47.**

Select Management breached the Select Management Guaranty by refusing to pay Manchester United the £9,185,692 in principal plus interest due and owing under the terms of the Sponsorship Agreement and the Select Management Guaranty.

**48.**

As a direct and proximate result of Select Management's breach of the Select Management Guaranty, Manchester United has been damaged in a principal amount not less than £9,185,692, plus interest.

**49.**

In addition to the unpaid principal and interest, Select Management is liable to Manchester United for its costs of collection, including reasonable attorneys' fees, pursuant to the Select Management Guaranty, O.C.G.A. § 13-1-11, and any other applicable provision of law.

**COUNT 2: Breach of Aycox Guaranty (Against Defendant Aycox)**

**50.**

Manchester United incorporates the allegations contained in Paragraphs 8–20 and 22–48 by reference as if fully restated herein.

**51.**

The Aycox Guaranty constitutes a valid and enforceable contract between Manchester United and Aycox.

**52.**

Pursuant to the Aycox Guaranty, Aycox guaranteed the complete performance and payment of all of Addison Global's obligations under the Sponsorship Agreement, including payment of the Sponsorship Fee.

**53.**

Addison Global owes Manchester United the remaining £9,185,692 principal balance of the Sponsorship Fee, plus interest under the Sponsorship Agreement.

**54.**

Manchester United complied with all applicable conditions, pre-requisites, and pre-conditions for enforcing the Aycox Guaranty, including providing 15 days prior written notice before attempting to enforce the Aycox Guaranty against Aycox.

**55.**

Aycox breached the Aycox Guaranty by refusing to pay Manchester United the £9,185,692 plus interest due and owing under the terms of the Sponsorship Agreement and the Aycox Guaranty.

**56.**

As a direct and proximate result of Aycox's breach of the Aycox Guaranty, Manchester United has been damaged in a principal amount not less than £9,185,692, plus interest.

**57.**

In addition to the unpaid principal and interest, Aycox is liable to Manchester United for its costs of collection, including reasonable attorneys' fees, pursuant to the Aycox Guaranty, O.C.G.A. § 13-1-11, and any other applicable provision of law.

## Request for Relief

Manchester United respectfully requests that the Court enter a judgment in favor of Manchester United and against Defendants:

a. Awarding Manchester United damages in a principal amount not less than £9,185,692 as provided for in the Sponsorship Agreement to be reduced to U.S. Dollars at the appropriate time;

b. Awarding Manchester United interest as provided for in the Sponsorship Agreement at the United Kingdom statutory rate of 8.75%, accruing daily and compounding monthly, running from February 28, 2019 on £981,000, from May 31, 2019 on £1,010,430, and from July 17, 2019 on £7,194,262;

c. Awarding Manchester United its reasonable costs and attorneys' fees incurred in this proceeding as provided for in the Select Management Guaranty and the Aycox Guaranty; and

d. Awarding Manchester United such other and further relief as the Court deems appropriate.

Respectfully submitted, this 20th day of September, 2019.

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ William J. Holley, II*
William J. Holley, II
Georgia Bar No. 362310
Eric W. Anderson
Georgia Bar No. 016810
Justin P. Gunter
Georgia Bar No. 969468

Parker, Hudson, Rainer &
Dobbs LLP
303 Peachtree Street NE
Suite 3600
Atlanta, Georgia 30308
Tel: 404-523-5300
Fax: 404-522-8409
wjh@phrd.com
ewa@phrd.com
jgunter@phrd.com

*Counsel for Plaintiff Manchester United Football Club Limited*